# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| In Re: | CASE NO. 20-69273 |
|---|---|
| MDI CREATIVE, INC., | CHAPTER 11 |
| Debtor. | |

## APPLICATION TO APPROVE EMPLOYMENT OF DEBTOR'S ATTORNEYS

MDI Creative, Inc. (the "**Debtor**") files this Application to Approve Employment of Debtor's Attorneys pursuant to 11 U.S.C. § 327 and in support thereof, respectfully represents as follows:

1. On August 24, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the filing, the Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor wishes to employ the law firm of Rountree Leitman & Klein, LLC ("**Rountree Leitman & Klein**") as its attorneys.

3. The Debtor has selected Rountree Leitman & Klein for the firm's experience and qualifications as Debtor's counsel in commercial bankruptcy cases.

4. The professional services that Rountree Leitman & Klein is to render include:

    a. Giving Debtor legal advice with respect to its powers and duties as Debtor-in-Possession in the management of its property;

    b. Preparing on behalf of Debtor as Debtor-in-Possession necessary schedules, applications, motions, answers, orders, reports and other legal matters;

    c. Assisting in examination of the claims of creditors;

d. Assisting with formulation and preparation of the disclosure statement and plan of reorganization and with the confirmation and consummation thereof; and

e. Performing all other legal services for Debtor as Debtor-in-Possession that may be necessary herein.

5.  To the best of the Debtor's knowledge, Rountree Leitman & Klein has no connection with the creditors, or any other party-in-interest, or their respective attorneys.

6.  The terms of employment of Rountree Leitman & Klein agreed to by the Debtor-in-Possession, subject to the approval of the Court, are that certain attorneys and other personnel within the firm will undertake this representation at their standard hourly rates:

| Attorney: | Standard Hourly Rate: |
|---|---|
| William A. Rountree | $475.00 |
| Hal Leitman | $425.00 |
| David S. Klein | $425.00 |
| Alexandra Dishun | $425.00 |
| Benjamin R. Keck | $375.00 |
| Alice Blanco | $350.00 |
| Elizabeth A. Childers | $350.00 |
| Law Clerks: | Standard Hourly Rate: |
| Kristin Harripaul | $175.00 |
| Luke Owens | $175.00 |
| Paralegals: | Standard Hourly Rate: |
| Sharon M. Wenger | $195.00 |
| Megan Winokur | $150.00 |

| | |
|---|---|
| Catherine Smith | $150.00 |
| Yasmi Alamin | $150.00 |

The standard hourly rates charged by Rountree Leitman & Klein attorneys, law clerks, and paralegals are subject to change in the future. Rountree Leitman & Klein will make periodic applications for interim compensation, and if, at the completion of the case the results merit it, the attorneys may make application to the Court for the allowance of a premium above their hourly rates.

7. Pursuant to 11 U.S.C. § 331, a debtor's attorney may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits. Rountree Leitman & Klein seeks the Court's permission to apply for compensation every 90 days.

8. Rountree Leitman & Klein represented the Debtor as substitute counsel in its previous Chapter 11 Case No. 15-56723-LRC after Debtor's previous counsel retired. That case was dismissed without prejudice on April 30, 2020.

9. The Debtor paid a new, pre-petition retainer of $15,000.00 to Rountree Leitman & Klein, pre-petition in July and August, 2020. This retainer is intended as a security retainer and not a general retainer. Rountree Leitman & Klein maintains a security interest in the funds under applicable law.

10. The Debtor has an immediate need for counsel and will suffer irreparable harm if Rountree Leitman & Klein is not employed without delay. *See* Fed. R. Bankr. P. 6003. The Debtor requires the advice of counsel concerning the preparation of its schedules and statement of financial affairs and needs counsel present to comply with the US Trustee's requests for an initial debtor interview and preparation of documents requested by the US Trustee's Office.

11.     Rountree Leitman & Klein represent no interest adverse to Debtor as Debtor-in-Possession or the estate in the matters upon which it is to be engaged for the Debtor-in-Possession, and its employment would be in the best interest of this estate.

WHEREFORE, Debtor prays that its employment of Rountree Leitman & Klein as counsel under the terms specified to represent it as Debtor-in-Possession in this case under Chapter 11 of the Bankruptcy Code be approved by the Court subject to objection filed by the Unites States Trustee or any creditor on or before 21 days from the date any order granting this Application is entered, and that it have such other and further relief as is just.

**MDI Creative, Inc.**

By: _____
/John Patrick Malone
CEO, MDI Creative, Inc.

~ 4 ~

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| In Re: | CASE NO. _____ |
|---|---|
| MDI CREATIVE, INC., | CHAPTER 11 |
| Debtor. | |

### AFFIDAVIT

STATE OF GEORGIA
COUNTY OF FULTON

The undersigned hereby makes solemn oath:

1. That I am a partner with the law firm of Rountree Leitman & Klein, LLC and that the members of this firm are attorneys duly admitted to practice in the State of Georgia, and in the United States District Court, Northern District of Georgia, and Circuit Court of Appeals for the Eleventh Circuit with offices at Century Plaza I, 2987 Clairmont Road, Suite 175, Atlanta, Georgia 30329.

2. To the best of my knowledge, this law firm has had no business, professional or other connections with the aforementioned Debtor-in-Possession, its attorneys, or any party at interest in this proceeding which would be adverse to this Estate. Affiant has counseled with the Debtor in preparation for instituting this case.

3. This law firm represents the Debtor.

4. This law firm is not a law partner or office associate of the Debtor-in-Possession.

_____
Benjamin R. Keck
Georgia Bar No. 943504

Sworn to and subscribed
before me this ____ day of
August, 2020

_____
Notary Public